Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Timothy J. Silverman, Esq.  [SBN: 145264]
Solomon, Grindle, Silverman & Wintringer
A Professional Corporation
12651 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel: [858] 793-8500  Fax: [858] 793-8263
Tim@sgswlaw.com

FOR COURT USE ONLY

**FILED & ENTERED**

**JUL 03 2012**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY speters   DEPUTY CLERK**

**CHANGES MADE BY COURT**

☒  *Attorney for Movant(s)*       9173.0151
☐  *Movant(s) appearing without an attorney*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – <u>LOS ANGELES</u> DIVISION

In re:

DEANE ALLEN KENWORTHY,

CASE NO.: **2:10-BK-23868-WB**

CHAPTER: 13

**AMENDED ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**

DATE: No Hearing Required
TIME:
COURTROOM:
PLACE: 255 E. Temple Street, Los Angeles, California

Debtor(s).

Movant:   PENNYMAC CORP., its successors and/or assigns

1.  The Motion was:   ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation *(Docket No. 71)*

2.  The Motion affects the following real property (Property):

    Street address:          8535 West Knoll Drive
    Unit number:             315
    City, state, zip code:    West Hollywood, California 90069

    Legal description or document recording number (including county of recording):

    ☒ See attached page.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2011*                          Page 1                          **F 4001-1.ORDER.RP**

3.  The Motion is granted under:  ☐ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3)
    ☐ 11 U.S.C. § 362(d)(4)

4.  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☐ Terminated as to Debtor and Debtor's bankruptcy estate.
    b.  ☐ Annulled retroactively to the date of the bankruptcy petition filing.
    c.  ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5.  ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with
    applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the
    estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6.  Movant must not conduct a foreclosure sale before the following date (*specify*): _____

7.  ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment
    to this Order.

8.  ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after
    entry of this Order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without
    prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to
    the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's
    secured claim after entry of this Order.

9.  ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

    ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured
    creditor or court approval.

    ☐ multiple bankruptcy filings affecting the Property.

    If recorded in compliance with applicable state law governing notices of interests or liens in the Property, this Order is
    binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the
    Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent
    bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown,
    after notice and a hearing.  Any federal, state or local governmental unit that accepts notices of interests or liens in
    real property shall accept any certified copy of this Order for indexing and recording.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2011*                                    Page 2                          **F 4001-1.ORDER.RP**

10.  This court further orders as follows:

    a.  ☐  The 14-day stay as provided in FRBP 4001(a)(3) is waived.

    b.  ☐  The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-10-ER*).

    c.  ☐  See attached continuation page for additional provisions.

###

*Julia W. Brand*

_____

United States Bankruptcy Judge

DATED: July 3, 2012

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2011*         Page 3         **F 4001-1.ORDER.RP**

# ADEQUATE PROTECTION ATTACHMENT

*(This attachment is the continuation page for paragraph 7 of the Order on the Motion.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $__3,109.86_____ commencing June 1, 2012. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant hereunder must be paid to Movant at the following address:

   PENNYMAC LOAN SERVICES, LLC
   _____

   P.O. BOX 30597
   _____

   LOS ANGELES, CALIFORNIA 90030-0597
   _____

   _____

3. ☒ The Debtor must cure the postpetition default computed through May 23, 2012 in the sum of $18,282.47 as follows:

   a. ☒ By paying the sum of $ __3,109.86_____ on or before __May 24, 2012_____, the remaining arrearages of $15,172.61 will be paid as follows:

   b. ☒ In equal monthly installments of $ __1,685.85__ each commencing ___June 1, 2012___ and continuing thereafter through and including __February 1, 2013_____.

   c. ☐ By paying the sum of $ _____ on or before _____,

   d. ☐ By paying the sum of $ _____ on or before _____,

   d. ☐ By paying the sum of $ _____ on or before _____,

   e. ☐ Other (*specify*):

4. ☐ The Debtor must maintain insurance coverage on the property and must remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ The Debtor must file a Disclosure Statement and Plan on or before *(specify date):* _____
   The Disclosure Statement must be approved on or before *(specify date):* _____
   The Plan must be confirmed on or before *(specify date):* _____

6. ☒ Upon any default in the foregoing terms and conditions, Movant must serve written notice of default to Debtor and Debtor's attorney, if any. If Debtor fails to cure the default within 14 days after service of such written notice, plus 3 additional days if served by mail:

   a. ☐ The stay automatically terminates without further notice, hearing or order.

   b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.

   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.

   d. ☐ The Movant may move for relief from the stay on regular notice.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2011*                                   Page 4                                   **F 4001-1.ORDER.RP**

7. ☒ Notwithstanding anything contained herein to the contrary, the Debtor shall be entitled to a maximum of (*number*) __2__ notices of default and opportunities to cure pursuant to the preceding paragraph.  Once a Debtor has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure.  If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions cease to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on Debtor's defaults hereunder, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*):

- Movant shall be allowed to charge a fee of $100.00 for any fourteen (14) day written notice required because of default.

- If Relief from Stay is granted pursuant to the terms of this Order, the requirements of BR 3002.1 shall be terminated.

Dated: May 23, 2012

SOLOMON, GRINDLE, SILVERMAN & WINTRINGER, APC

By: /S/ Timothy J. Silverman
Timothy J. Silverman, Esq.
Attorneys for Secured Creditor, PENNYMAC, CORP. its successors and/or assigns

Dated: 5/23/12

THE LAW OFFICE OF RAYMOND H. AVER
A Professional Corporation

By: /S/ Raymond H. Aver
Raymond H. Aver, Esq.
Attorney for Debtor

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2011*                    Page 5                    **F 4001-1.ORDER.RP**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

12651 High Bluff Drive, Suite 300, San Diego, CA 92130

A true and correct copy of the foregoing document described as **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY); SETTLED BY STIPULATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL** (state method for each person or entity served):
On ___May 24, 2012_____ , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Chambers of the Honorable Julia W. Brand
United States Bankruptcy Court
Edward R. Roybal Building
255 East Temple Street, Suite 1382
Los Angeles, California 90012-2300

Deane Allen Kenworthy
8721 Santa Monica Boulevard, #104
West Hollywood, CA 90069

Raymond H. Aver, Esq.
12424 Wilshire Boulevard, Suite 720
Los Angeles, CA 90025

Nancy K. Curry (TR)
700 South Flower Street, Suite 1215
Los Angeles, CA 90017

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 24, 2012 | Debbie Reinhardt Gomez | /s/ Debbie Reinhardt Gomez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2011*                                     Page 6                                     **F 4001-1.ORDER.RP**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** was entered on the date stated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Order(s) and LBRs, the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ___4/7/12___, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) stated below:

Raymond H. Aver, Esq., Counsel for Debtor(s)          ray@averlaw.com
Nancy K. Curry, Chapter 13 Trustee                ecfnc@trustee13.com
Timothy J. Silverman, Esq.                  tim@sgsslaw.com

☐  Service information continued on attached page

**2.  SERVED BY THE COURT VIA UNITED STATES MAIL**: A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) stated below:

Debtor(s)
Deane Allen Kenworthy
8721 Santa Monica Boulevard, #104
West Hollywood, CA 90069

☐  Service information continued on attached page

**3.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) stated below:

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

FEE SIMPLE TITLE TO CONDOMINIUM UNIT NO. 61 ((THE "UNIT") AS SHOWN UPON THE CONDOMINIUM PLAN (ENTITLED "DECLARATION OF COVENANTS, CONDITIONS MD RESTRICTIONS WEST KNOLL CONDOMINIUM"), IN THE CITY OF WEST HOLLYWOOD, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, ("THE PLAN"), RECORDED NOVEMBER 3, 1978 AS DOCUMENT NO. 78-1228734 OF OFFICIAL RECORDS, WHICH PLAN PERTAINS TO THAT PROPERTY DESCRIBED AS LOT 1 TRACT 34470, AS PER MAP RECORDED IN BOOK 904 PAGES 80 AND 81 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

PARCEL 2:

AN UNDIVIDED .01631 INTEREST IN AND TO THE COMMON AREA AS SHOWN AND DEFINED ON THE PLAN; EXCEPT THEREFROM THE FOLLOWING:

(A) AN EXCLUSIVE EASEMENT (OTHER THAN PARCEL 3 BELOW) DESIGNATED AS "RESTRICTED COMMON AREA" ON THE PLAN AND RESERVED TO OTHER UNITS FOR USE AS PARKING SPACES.

(B) A NONEXCLUSIVE EASEMENT APPURTENANT TO ALL UNITS SHOWN ON THE PLAN FOR INGRESS AND EGRESS, SUPPORT, REPAIR, MAINTENANCE AND ENCROACHMENT.

PARCEL 3:

AN EXCLUSIVE RIGHT AND EASEMENT TO USE THE PARKING SPACE OR SPACES DESIGNATED ON THE PLAN AS PARKING SPACES NO. 56 AND 57.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2011                                           Page 3                                    F 4001-1.ORDER.RP